506 F.2d 1322
 165 U.S.App.D.C. 283, 75 Lab.Cas. P 10,551
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Karl F. Ritz, Appellee
v.
J.J. O'Donnell, President of Air Line Pilots Association et
al., Appellants
 No. 1313-73.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1974.
 
 Before LUMBARD,* Senior Circuit Judge for the Second Circuit, and McGOWAN and ROBINSON, Circuit Judges.
 
 Memorandum
 
 1
 These consolidated appeals arise in the context of a union internal disciplinary proceeding. Appellees in No. 73-2200 are eleven members of the Air Line Pilots Association (ALPA) who were charged by the international officers of ALPA's Pilots Division with misappropriation of union funds. Under ALPA's constitution, charges of this nature are heard by a Hearing Board, the members of which are the appellants in No. 73-2208.
 
 
 2
 When the charges in question were first brought on May 25, 1973, one of the pilots so charged, Captain Ritz, orally inquired of the Chairman of the Hearing Board, Captain Knudegard, as to where the hearing would be held and whether there was a right to have counsel present. Captain Ritz's affidavit states he was told that his lawyer could be in the building, but could not appear at hearings before the Hearing Board,[1] and that the normal place of hearing was Washington, D.C. Thereafter the Hearing Board did in fact decide to hold the hearing on July 23 in Boston, Massachusetts, because of the fact that most of the charged parties lived in New England. The notice of hearing issued by the Board on June 26, 1973, also stated that the charged parties would not have a right to be represented by any attorney who is not also a member of the Pilots Division of ALPA.[2]
 
 
 3
 At this point the charged parties filed a complaint in the District Court seeking to prevent the disciplinary proceedings from going forward. A motion for a preliminary injunction was filed in which it was asserted, among other things, that the accused were improperly being denied the right to (1) representation by counsel and (2) a stenographic transcript of the hearing. The motion for preliminary injunction came on for hearing, and the District Court denied it in an order entered on July 11, 1973, although in that order the court directed ALPA to "provide an independent stenographic reporter who will report at length and fully all evidence adduced at the hearing." In an oral opinion delivered two days earlier, the court found that the plaintiffs had little likelihood of success on the merits, and that irreparable harm would not be caused them by the withholding of injunctive relief. At this hearing, as was the case in oral argument before us, it was freely asserted on behalf of the charged parties that the Hearing Board was under the domination of the ALPA officers, and that the plaintiffs' plea for relief should be adjudged against this background.
 
 
 4
 A few days after the denial of the preliminary injunction, counsel for ALPA sent a telegram to the Hearing Board requesting permission to appear at the hearing, scheduled for July 23, for the purpose of participating in that hearing as counsel for the charging parties. When counsel for the charged parties received a copy of that telegram, he immediately asked the District Court for a hearing, which was held the same day, namely, July 18. At that hearing the court's attention was called not only to this request, but also to the fact that the Hearing Board had, subsequent to the denial of the preliminary injunction, sent out a telegraphic notice that the hearing would be held in Washington, D.C., rather than in Boston, for the reason that, as the Board put it, "proceedings can be expedited if the hearing is returned to the home office where abundant stenographic services are available."[3]
 
 
 5
 It is evident from the transcript of the hastily convened hearing on July 18 that the District Court was disturbed by these reports. It purported to regard the reason given for the change in the place of hearing as transparently absurd, and indicative of a deliberate purpose by the Hearing Board to subvert the District Court's express conditioning of its denial of a preliminary injunction upon ALPA's providing an independent stenographer to transcribe the proceedings. The court was also surprised, to say the least, that counsel for ALPA, who had successfully persuaded the court a few days before to find against any right of the charged parties to be represented by an attorney at the hearing, should thereafter--and without any notice to the court--request that he be permitted to appear at the hearing as counsel for the charging parties.
 
 
 6
 The court thereupon amended forthwith its previous order of July 11, 1973 by a memorandum and order dated July 18, 1973, enjoining the Board from holding any hearing unless (1) it was held in Boston and (2) the attorney for the charged parties be permitted to appear and fully participate in the hearing on their behalf.
 
 
 7
 The Hearing Board convened in Boston on July 23, but it recessed the hearing because of the presence of attorneys who were not members of ALPA--a circumstance which the Board believed to be contrary to the provisions of the ALPA constitution governing disciplinary proceedings. Independent counsel was retained to represent the Hearing Board, and the Board on July 30 sought intervention in the suit pending in the District Court. Both the Board and ALPA filed motions for reconsideration of the District Court's order of July 18. The Board's motion to intervene was subsequently granted, but both motions for reconsideration of the District Court's order of July 18. The Board's motion to intervene was subsequently granted, but both motions for reconsideration were denied. The intervenor members of the Board have appealed from the order of July 18 (No. 73-2208), as has ALPA (No. 73-2200).
 
 
 8
 As indicated above, the court's order of July 18 amended its order of July 9 in two respects; and it is these amendments which are in issue on these appeals. One of such amendments was to require that counsel for the charged parties be permitted to appear and participate on their behalf in the hearing. The day before the scheduled hearing, that is to say, on July 22, the Hearing Board met for the first time following the District Court's amending order of July 18, and at that meeting the Board members unanimously agreed that the request of ALPA counsel to participate in the hearing should be denied, and it would have been denied but for the terms of the court's amending order. This was for the reason that the Board reaffirmed its interpretation of the constitution as not permitting non-ALPA Pilots Division members to represent the charging or charged parties--an interpretation that the court appears to have accepted earlier when it denied the preliminary injunction. Thus, had the court not amended its order on July 18, the Board itself would not have permitted ALPA counsel to be present at the hearing.
 
 
 9
 As the District Court recognized in its opinion of July 9, it is settled law that the courts will not interfere with internal union disciplinary proceedings that are fair on their face (as is the case here) unless it appears that the union procedures are so tainted by some form of prejudice or improper influence that a fair hearing is not possible. See, e.g., Buresch v. International Brotherhood of Electrical Workers, Local 24, 343 F.Supp. 183 (D.Md.1971), aff'd, 460 F.2d 1405 (4th Cir.1972).
 
 
 10
 In the instant case the District Court found, up until July 18, that the procedures were fair and that no prejudice existed such as would warrant judicial intervention, providing only that a transcript was made to ensure adequate judicial review. This finding followed upon a representation that no non-member counsel would be present.[4]
 
 
 11
 The ill-considered request of counsel for the charged parties to be present cannot--in view of the fact that it would have been denied by the Board--be held to make a new showing of bias or improper motivation on the part of the Hearing Board. The Board's decision to change the place of the hearing from Boston to Washington might be taken to suggest that the Board was prompted by irritation with the court's order.[5] We do not believe, however, that the record supports an inference that the Board deliberately and consciously intended to prejudice the hearing against the charged parties or that any improper influence was present such as would warrant judicial intervention.
 
 
 12
 In its July 18 order, the court recited that counsel for ALPA at the hearing on the motion for preliminary injunction had represented that no counsel would appear for either the charging or the charged parties at the Board's hearing. It also recited that ALPA counsel, despite this representation, did not advise the court of the request made by him a few days later to be permitted to appear for the charging parties. Although this does not justify the court's acting, before the Board itself had an opportunity to deal with that request, to direct the presence of counsel contrary to the union constitution, we can understand the District Court's impatience with counsel's seeming insensitivity to the extraordinary nature of that request under the circumstances.
 
 
 13
 On the record as a whole, however, we do not believe that the events between July 9 and July 18 made a showing of prejudice in the prescribed procedure warranting judicial intervention beyond the July 11 order requiring a transcript--a requirement to which no party has taken exception.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 294(d)
 
 
 [1]
 It is not clear whether Captain Knudegard was responding only as regards attorneys who were not ALPA Pilots Division members. Captain Knudegard's affidavit makes no mention of this particular question and answer
 
 
 [2]
 ALPA's constitution provides that "[B]oth the accused member and the accuser shall have the right, both at the original hearing and at any appeal taken therefrom, to designate and be represented by an active member of the Division in good standing."
 
 
 [3]
 A third matter reported to the court was that one of the charging parties had, on July 16, sent to the charged parties a telegram relating to a settlement proposal made to the sender by one of the charged parties
 
 
 [4]
 It is difficult to determine to what extent the placement of the hearing in Boston motivated the court's decision, but, given the limited effect placement would have on the parties, we cannot believe it was much
 
 
 [5]
 At oral argument before us the position of ALPA was that it had no objection to holding the hearing in Boston and that, indeed, it would join with the charged parties in requesting the Hearing Board to hold the recessed hearing in that place. Counsel for the Board members at that argument made no representation as to what the Board would do finally with respect to the designation of the place of hearing, but insisted only that the Board should have the right to make that choice unfettered by the condition contained in the amended order